COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

April 28, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

JOHANNA JARRETT,               ) C/A NO. 03A01-9706-CV-00223
                               )
        Petitioner-Appellant,  )
                               )
                               )
                               )
v.                             ) APPEAL AS OF RIGHT FROM THE
                               ) HAMILTON COUNTY JUVENILE COURT
                               )
                               )
                               )
                               )
TERRY B. STARKEY,              )
                               ) HONORABLE SUZANNE BAILEY,
        Respondent-Appellee.   ) JUDGE


For Appellant                    For Appellee

JOHANNA JARRETT, Pro Se          NO APPEARANCE
Chattanooga, Tennessee


O P I N I O N



AFFIRMED AND REMANDED                              Susano, J.

In this paternity action, the petitioner, Johanna Jarrett ("Mother"), the natural mother of Ethan Oliver Starkey (DOB: November 21, 1989), appealed the trial court's order denying her request that the child's putative father, Terry B. Starkey ("Father"), be ordered to pay her attorney's fees, and that he be further ordered to obtain health insurance for the parties' minor child.

This matter was heard below on April 15, 1997.[1] That hearing was preceded by a hearing before a juvenile court referee on January 22, 1997. The referee's "findings and recommendation" provides for prospective child support of $450 per month by wage assignment, and a judgment for past support of $14,800. The referee's findings and recommendation does not mention attorney's fees. On the subject of health insurance/expenses, the findings and recommendation provides as follows:

> That [Father] shall not be required to maintain insurance at this time. The parties shall equally divide uncovered medical and dental expenses and [Mother] shall supply [Father] with those bills within 10 days of the receipt of the same.

Mother timely sought a rehearing in Juvenile Court to press her request for attorney's fees and health insurance.

At the second hearing, Mother testified that her child was insured under TennCare. She stated that he was insured until October, 1997. She further testified that she feared that when

---

[1]At the time of the hearing below, the relevant paternity statutes were codified at T.C.A. § 36-2-101, *et seq*. (1996 Repl.)

his coverage was re-evaluated at that time, it would be terminated because of the amount of child support to which she would then be entitled; however, there is no proof in the record confirming that her fear was justified.

On the subject of attorney's fees, Mother testified that she paid a private attorney $500 to represent her in this action. That attorney was allowed to withdraw at the beginning of the hearing below, and Mother was represented at the hearing by a publicly-funded attorney. There is evidence in the record that Mother had been represented by the same attorney before she chose to hire a private attorney.

The trial court refused to award Mother her attorney's fees; however, it did modify the referee's recommendation with respect to the child's health insurance/expenses by providing that Father would be responsible for *all* expenses not covered by TennCare. The trial court expressed a willingness to revisit the health insurance issue upon a showing of a change of circumstances:

> Well, what I'm going to do on this, based on the testimony presented today, that the child is covered by TennCare and does have it. At such time as that, if you should get cut off because of this Order, if there's any change in that, at this point in time Mr. Harpe will tell you [sic] need to do about coming back to the Court, getting a petition before the Court, for the Court to look at that, as a substantial change in what was presented to us today. Because that's part of the child's welfare as far as I'm concerned.

3

Our review is *de novo*; however, the record of the proceedings below comes to us with a presumption of correctness that we must honor unless the preponderance of the evidence is to the contrary. Rule 13(d), T.R.A.P.

T.C.A. § 36-2-102(4) (1996 Repl.) provides that a court, "in its discretion," may order a putative father to pay a mother's "counsel fees." We must determine if the evidence preponderates against the trial court's discretionary determination not to award fees.

The record reflects that Mother had available to her the services of a publicly-funded attorney. She was represented by this attorney both before and after she was represented by private counsel. There is nothing in the record to indicate that the State's attorney did not adequately represent Mother's interests in this matter. In fact, in her testimony, Mother did not complain about the quality of this representation, and otherwise did not express any reason for hiring a private attorney. We cannot say that the evidence preponderates against the trial court's decision not to award attorney's fees in this case. A party is not entitled to attorney's fees in a paternity case *as a matter of right*. As previously indicated, such an award is a matter that addresses the sound discretion of the court. We cannot say that the trial court abused its discretion in this case.

We also find no abuse of discretion in the trial court's refusal to order Father to secure health insurance for

the parties' child.  When this matter was heard below, the child was covered by insurance under the State's TennCare program.  There is no evidence in the record that TennCare was going to drop the child's coverage when his coverage was reviewed in October, 1997.  With the record in this state, we cannot say that the evidence preponderates against the trial judge's decision not to order Father to secure health insurance for the child.  This is particularly true in view of the trial court's decision to burden Father with all unreimbursed health expenses.  As recognized by the trial court, the question of health insurance in this case properly addresses itself to the future -- that is, on a petition to modify if and when the child is no longer eligible for TennCare coverage.

The judgment of the trial court is affirmed.  Costs are taxed to the appellant.  This case is remanded to the trial court for enforcement of the trial court's judgment and collection of costs assessed below, all pursuant to applicable law.

_____
Charles D. Susano, Jr., J.

CONCUR:


_____
Houston M. Goddard, P.J.


_____
Herschel P. Franks, J.